Matter of Francois v Department of Educ. of the City of N.Y. (2020 NY Slip Op 07494)





Matter of Francois v Department of Educ. of the City of N.Y.


2020 NY Slip Op 07494


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 157477/18 Appeal No. 12646-12646A Case No. 2020-02294 

[*1]In the Matter of Eugenie Francois, Petitioner-Appellant,
v
The Department of Education of the City of New York et al., Respondents-Respondents.


Glass Harlow & Hogrogian LLP, Pearl River (Bryan D. Glass of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.



Judgment, Supreme Court, New York County (W. Franc Perry, J.), entered October 3, 2019, denying the petition to vacate a determination of respondent Department of Education of the City of New York (DOE), dated May 30, 2018, which denied petitioner's administrative appeal of a rating of ineffective on the 2016-2017 school year Annual Professional Performance Review, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 29, 2020, which, insofar as appealable, denied petitioner's motion for leave to renew, unanimously affirmed, without costs.
DOE's overall rating of petitioner as ineffective had a rational basis in the record (see generally Matter of Brown v Board of Educ. of the City Sch. Dist. of the City of N.Y., 156 AD3d 451, 451-452 [1st Dept 2017]). Petitioner failed to demonstrate that the determination was made in bad faith or in violation of a lawful procedure or a substantial right (id. at 452).
DOE's observations of petitioner on three separate occasions provided a rational basis for its rating of petitioner on the Measures of Teacher Practice portion of her overall rating (see Matter of Cohn v Board of Educ. of the City Sch. Dist. of the City of N.Y., 102 AD3d 586 [1st Dept 2013]). Petitioner did not allege age discrimination before the DOE but raised the issue for the first time in the petition (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]). In any event, petitioner did not demonstrate through competent proof that the rating resulted from bad faith or animus (see Matter of Che Lin Tsao v Kelly, 28 AD3d 320, 321-322 [1st Dept 2006]). Petitioner's allegations of discrimination were speculative and conclusory (see Matter of Murnane v Department of Educ. of the City of N.Y., 82 AD3d 576 [1st Dept 2011]).
DOE's rating of petitioner on the Measures of Student Learning portion of her overall rating also had a rational basis. The record reflects that DOE's rating was based on an assessment of her students' growth compared to other similarly situated students according to criteria used by the school. Contrary to petitioner's contention, the number of her students who achieved a certain score does not render the rating arbitrary, as the rating was based primarily on student growth.
The court properly denied petitioner's motion for leave to renew. Petitioner did not present a justification for why the new data, which was not part of the administrative record, was not submitted with the petition (see Matter of JNPJ Tenth Ave., LLC v Department of Bldgs. of the City of N.Y., 178 AD3d 636, 637-638 [1st Dept 2019]; Wade v Giacobbe, 176 AD3d 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]). In any event, the new information did not establish that DOE's rating based on student growth was arbitrary.
We have considered petitioner's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020